**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MELISSA M. HEREFORD, | DOCKET NUMBER |
| Appellant, | AT-0432-19-0677-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE, | DATE: August 2, 2024 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Melissa M. Hereford, Marietta, Georgia, pro se.

David R. Daniels, Esquire, and Kelly Wilkinson, Alexandria, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which affirmed her removal under 5 U.S.C. chapter 43. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Atlanta Regional Office for further

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

adjudication consistent with *Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021).

## BACKGROUND

The appellant served as a GS-13 Human Resources Specialist whose major duties involved investigating and writing reports regarding equal employment opportunity (EEO) complaints filed by agency employees. Initial Appeal File (IAF), Tab 5 at 12, Tab 17 at 8. In this position, her performance plan was comprised of the following three critical elements: (1) Technical Competency, (2) Contribution to Mission, and (3) Customer Care/Teamwork. IAF, Tab 5 at 23-26. The appellant's performance in each critical element was rated on a three-tiered scale with possible ratings of outstanding, fully successful, or unacceptable. *Id.*

The appellant's first-level supervisor placed her on a 120-day Performance Improvement Plan (PIP) beginning January 30, 2018, based on her determination that the appellant had failed to maintain a fully successful level of performance with respect to Contribution to Mission (Objective 2) and Customer Care/Teamwork (Objective 3). *Id.* at 16-18; IAF, Tab 17 at 8. Following the conclusion of the 120-day PIP period, the appellant's supervisor, via memorandum dated June 11, 2018, advised the appellant that she had raised her performance back to the fully successful level of performance for both critical elements. IAF, Tab 5 at 19-20. The memorandum informed the appellant, however, that if she did not maintain at least a fully successful level of performance in either of those elements during the remainder of the 1-year period following the January 30, 2018 beginning date of her PIP, i.e., January 30, 2019, she may be reassigned, demoted, or removed without further opportunity to demonstrate an acceptable level of performance. *Id.*

On December 11, 2018, the appellant's supervisor proposed the appellant's removal for unacceptable performance. IAF, Tab 1 at 8-11. She found that the

appellant's performance was once again at the unacceptable level in both Objectives 2 and 3. *Id.*; IAF, Tab 17 at 10. After considering the appellant's oral and written replies to the proposal, the appellant's second-level supervisor issued a decision imposing the removal, effective February 8, 2019. IAF, Tab 1 at 12-15, Tab 5 at 9-10.

The appellant filed a formal EEO complaint concerning her removal, arguing that the agency discriminated against her based on disability, race, and age. IAF, Tab 5 at 46-58. The agency issued a final agency decision on July 15, 2019, finding no discrimination, *id.*, and the appellant timely filed this appeal, IAF, Tab 1. After holding the requested hearing, the administrative judge issued an initial decision finding that the agency carried its burden of proof and sustaining the appellant's 5 U.S.C. chapter 43 removal. IAF, Tab 35, Initial Decision (ID). He found that the appellant did not prove her affirmative defenses of race, age, or disability discrimination. ID at 10-31.

The appellant has filed a petition for review, and the agency has responded. Petition for Review (PFR) File, Tabs 1, 3. On petition for review, the appellant argues that the administrative judge did not address discrepancies in the testimonies of agency witnesses concerning her reasonable accommodation request, abused his discretion in denying her motion to compel discovery, and made harsh statements during the prehearing conference that caused the agency to revoke a settlement offer. PFR File, Tab 1 at 4-5. She also appears to argue that the agency initiated settlement discussions in an untimely manner based on the Acknowledgment Order. *Id.* at 5.

**ANALYSIS**

<u>The administrative judge correctly concluded that, under the law in effect at the time, the agency satisfied its burden to prove that the appellant's performance was unacceptable.</u>

At the time the initial decision was issued, the Board's case law stated the following. In a performance-based action under 5 U.S.C. chapter 43, an agency

must show by substantial evidence that (1) the Office of Personnel Management (OPM) approved its performance appraisal system; (2) the agency communicated to the appellant the performance standards and critical elements of her position; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(c)(1); (4) the agency warned the appellant of the inadequacies of her performance during the appraisal period and gave her a reasonable opportunity to improve; and (5) the appellant's performance remained unacceptable in at least one critical element. *White v. Department of Veterans Affairs*, 120 M.S.P.R. 405, ¶ 5 (2013). Ordinarily, the Board will presume that OPM has approved the agency's performance appraisal system; however, if an appellant has alleged that there is reason to believe that OPM did not approve the agency's performance appraisal system or significant changes to a previously approved system, the Board may require the agency to submit evidence of such approval. *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 5 (2010). Further, even if the employee successfully completes the appraisal period, she may still be removed for unacceptable performance under chapter 43 if (1) the instances of unacceptable performance are in the same critical elements involved in the appraisal period, and (2) the agency's reliance for its action is limited to those instances of performance that occur within 1 year of the advance notice of the appraisal period. *Muff v. Department of Commerce*, 117 M.S.P.R. 291, ¶ 5 (2012).

In this case, the administrative judge found that the appellant did not raise the issue of OPM's approval of the agency's performance appraisal system, and the agency established by substantial evidence elements 2 through 4 of the *White* standard. ID at 5-10; *see* 120 M.S.P.R. 405, ¶ 5. He further found that, although the appellant successfully completed the appraisal period, the agency satisfied the standard in *Muff* by showing by substantial evidence that she failed to meet the fully successful annual performance standard for critical element/Objective 3 during the 1-year period prior to the issuance of her notice of proposed removal, which was within 1 year of the advance notice of the appraisal period. ID at 5-10

(citing *Muff*, 117 M.S.P.R. 291, ¶¶ 5, 10). We affirm these findings, which are supported by the record.[2] Moreover, the appellant does not challenge these findings on petition for review. *See* 5 C.F.R. § 1201.115 ("The Board normally will consider only issues raised in a timely filed petition or cross petition for review.").

<u>Remand is necessary to afford the parties an opportunity to provide evidence and argument concerning whether the appellant's placement on the PIP was proper.</u>

During the pendency of the petition for review in this case, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) held in *Santos*, 990 F.3d at 1360-61, that in addition to the five elements of the agency's case set forth above, the agency must also justify the institution of a PIP by proving by substantial evidence that the employee's performance was unacceptable prior to that time. The Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place. *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 16. Therefore, we must remand the appeal to give the parties the opportunity to present argument and additional evidence on whether the appellant's performance during the period leading up to the PIP was unacceptable in one or more critical elements. *See id.*, ¶¶ 15-17. On remand, the administrative judge should accept argument and evidence on this issue and hold

---

[2] We clarify that *Muff* does not announce an absolute rule requiring an agency to rely on a 1-year period of performance to remove an employee; rather, it explains that the Board determines what constitutes substantial evidence of genuinely unacceptable performance in the context of an employee's annual performance plan on a case-by-case basis. *See Thomas v. Department of Justice*, 117 M.S.P.R. 291, ¶ 10 n.4 (2014) (discussing *Muff*, 117 M.S.P.R. 291, ¶ 8). Here, although the agency's notice of proposed removal, dated December 11, 2018, informed the appellant that its action was based on the appellant's performance during the period since May 30, 2018, IAF, Tab 1 at 8-9, the administrative judge determined that the appellant's overall performance during the 1-year period preceding the proposed removal was the appropriate evidentiary period. ID at 5-7. We find no material error in the administrative judge's conclusion that the agency proved by substantial evidence that the appellant's annual performance was unacceptable. *Id.* Therefore, we need not determine whether the 6-month period relied upon in the proposal notice would have constituted substantial evidence of genuinely unacceptable performance under the circumstances of this case.

a supplemental hearing, if appropriate. *Id.*, ¶ 17. The administrative judge should then issue a new initial decision consistent with *Santos*. *See id.* If the agency makes the additional showing required under *Santos* on remand, the administrative judge may incorporate in the remand initial decision his prior findings on the other elements of the agency's case. *See id.*

On remand, the administrative judge should make new findings on the appellant's affirmative defenses.

The appellant raised affirmative defenses of disability, race, and age discrimination, which the administrative judge found unproven.[3] ID at 10-31. On review, the appellant appears to challenge the administrative judge's credibility determinations, and particularly those determinations that underlie his finding that she did not establish her claim of disability discrimination based on a failure to accommodate. *Id.* at 4; *see* ID at 21-31. The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at the hearing; the Board may overturn such determinations only when it has "sufficiently sound"

---

[3] In her initial appeal and prehearing submission, the appellant also appeared to raise the following harmful procedural error claim: the case processing times set forth in critical element 3 of her performance plan violated 5 C.F.R. § 610.111 because it expected that investigators work 75 to 90 consecutive days. IAF, Tab 1 at 5, Tab 19 at 9. The initial decision, however, does not address a claim of harmful procedural error. In determining whether an appellant effectively abandoned an affirmative defense or, conversely, whether there is a basis to remand the appeal for additional proceedings regarding an affirmative defense, the Board will apply the nonexhaustive list of factors set forth in *Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶¶ 9-28. Here, following the parties' prehearing submissions, the administrative judge conducted a prehearing conference and issued an order summarizing that conference in which he identified the issues presented on appeal. IAF, Tab 21. The issues he listed did not include this affirmative defense, and the order stated that no further defenses will be accepted absent a showing of good cause. *Id.* Furthermore, the parties were provided an opportunity to object to the prehearing conference order at the start of the hearing, but no objections were made. IAF, Tab 21 at 18, Tab 34-1, Hearing Recording. Finally, the appellant did not raise this affirmative defense in her petition for review, whereas, despite her pro se status, she raised several other cognizable arguments. PFR File, Tab 1. Based on all the above, we find that there is no basis to remand the appeal for additional proceedings regarding this affirmative defense. *See Thurman*, 2022 MSPB 21, ¶¶ 9-28.

reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Because the appellant has not identified such reasons here, we decline to overturn the administrative judge's credibility findings.[4]

Nonetheless, on remand, the administrative judge must further adjudicate the appellant's claims of disability, race, and age discrimination. The Board must consider an appellant's pre-PIP performance in the context of an affirmative defense when, as here, the validity of the agency's proffered reason for taking the performance-based action is a factor in analyzing that claim. *Lin v. Department of the Air Force*, 2023 MSPB 2, ¶ 25 (citing *Santos*, 990 F.3d at 1363-64); *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 31 n.8; *see* IAF, Tab 19 at 7-8. Further, in the period since the administrative judge issued his initial decision, we clarified the evidentiary standards and burdens of proof for the appellant's affirmative defenses in *Pridgen*, 2022 MSPB 31, ¶¶ 20-25, 27-29, 30-33, 40-42, and *Wilson v. Small Business Administration*, 2024 MSPB 3, ¶¶ 11-19. In the proceedings on remand, the administrative judge should advise the parties of the standards set forth in *Pridgen* and *Wilson*, provide them with an opportunity to present argument and evidence, and hold a supplemental hearing, if appropriate, on the appellant's affirmative defenses to permit the parties to address those standards, as well as any claims regarding the appellant's pre-PIP performance. He should then apply the standards set forth in *Pridgen* and *Wilson* in the remand initial decision, but he may incorporate his previous findings of fact to the extent appropriate.

---

[4] To the extent that the appellant is arguing that the administrative judge failed to consider purported discrepancies in the agency witnesses' testimonies and affidavits, we are not persuaded. PFR File, Tab 1 at 4; *see* ID at 21-31. The initial decision contains a thorough discussion of the relevant evidence, ID at 21-31, and any failure on the part of the administrative judge to mention all of the evidence does not mean that he did not consider it in reaching his decision. *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 15 (2016).

The appellant's remaining arguments do not warrant Board review.

*Discovery*

The appellant argues that the administrative judge abused his discretion in denying her motion to compel the discovery of comparator evidence that would support her claim of disparate treatment discrimination. PFR File, Tab 1 at 4-5; *see* IAF, Tabs 9, 10, 14. The administrative judge's order reflects that he denied the appellant's motion to compel because the appellant subsequently reported that she had located the agency's discovery responses and, moreover, her motion did not comport with the requirements of 5 C.F.R. § 1201.73(c)(1). IAF, Tab 14 at 1-2; *see* IAF, Tab 10 at 4. We find that the administrative judge did not abuse his discretion in denying the appellant's motion to compel and therefore find no reversible error. *See Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 15 (2013) (holding that an administrative judge has broad discretion in ruling on discovery matters and, absent an abuse of discretion, the Board will not find reversible error in such rulings); 5 C.F.R. §§ 1201.73(c)(1)(iii) (requiring a party moving to compel to file a statement that the moving party has discussed or attempted to discuss the anticipated motion with the nonmoving party or nonparty and made a good faith effort to resolve the discovery dispute and narrow the areas of disagreement), 1201.74(a) (providing that an administrative judge may deny a motion to compel discovery if a party fails to comply with the requirements of section 1201.73(c)(1)).

However, we note that the evidence allegedly sought by the appellant through her discovery requests is relevant to an issue that the administrative judge must further adjudicate on remand. PFR File, Tab 1 at 5. On remand, the administrative judge must develop record evidence as necessary and appropriate, while considering administrative efficiency and fairness to the parties. *See Pridgen,* 2022 MSPB 31, ¶ 31 n.8. Accordingly, we leave the scope of any further discovery to the sound discretion of the administrative judge on remand.

*Inadequacy of Settlement Discussions*

The appellant asserts, for the first time on review, that the agency did not contact her to discuss the possibility of settlement within the timeframe ordered by the administrative judge in his Acknowledgment Order. PFR File, Tab 1 at 5; *see* IAF, Tab 2 at 2. The appellant did not raise this as an issue at any point during the proceedings below. In any event, we find that any failure on the part of the agency concerning settlement discussions did not prejudice her substantive rights and therefore provides no basis for reversal of the initial decision. *See Jones v. Department of the Interior*, 70 M.S.P.R. 182, 186 (1996).

*Administrative Judge Bias*

The appellant asserts that the administrative judge made a harsh assessment of her case during the prehearing conference that caused the agency to withdraw its previous settlement offer. PFR File, Tab 1 at 5. Specifically, the administrative judge allegedly expressed that someone in the appellant's position, i.e., an EEO Investigator, should have known how to obtain the reasonable accommodation that she needed. *Id.* In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). We find that the appellant's assertion neither overcomes this presumption nor demonstrates any favoritism or antagonism on the part of the administrative judge.

## ORDER

For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.